**IN THE COURT OF APPEALS OF IOWA**

No. 15-0891
Filed August 5, 2015

**IN THE INTEREST OF C.S., L.F., and S.F.,**
**Minor Children,**

**K.B., Mother,**
    Appellant,

**C.F., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, District Associate Judge.

A mother and father appeal separately from the order terminating their parental rights. **AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd and Kristi Traynor, Assistant Attorneys General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

Brenda L. Drew-Peeples of Drew-Peeples Law Firm, Davenport, and Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for minor children.

Considered by Doyle, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

This appeal involves three children:  C.S., who was born in 2001; L.F., who was born in 2002; and S.F., who was born in 2006.  Kealy, the mother of C.S., and Chad, the father of all three children, separately challenge the termination of their parental rights.[1]  Kealy claims terminating her parental rights was not in C.S.'s best interests.  Chad claims termination of his parental rights was not supported by clear and convincing evidence and was not in the children's best interests.  After reviewing the record, we conclude the juvenile court properly terminated the parental rights of both Kealy and Chad.

## I.    BACKGROUND FACTS AND PROCEEDINGS

The Iowa Department of Human Services (DHS) became involved with the family in late 2010 when Chad used excessive discipline on C.S. and caused injuries to the child's face.  Chad pleaded guilty to child endangerment.

About one year later, the juvenile court adjudicated the children in need of assistance (CINA) under Iowa Code sections 232.2(6)(b) and 232.2(6)(c)(2) (2011).  The court noted the parents had not provided the children with appropriate care or supervision.  The court also noted Chad had again engaged in excessive discipline, as well as domestic abuse.  The court entered a dispositional order on January 6, 2012, which it modified on February 20, 2013. The court removed the children from the parents' custody in June 2013. Permanency hearings were held on May 6 and June 24, 2014.  The State filed a

---

[1] L.F. and S.F. have a different mother, Nicole, who does not appeal the termination of her parental rights.

termination petition on August 12, 2014, and the juvenile court held a termination hearing on March 11, 2015.

The juvenile court terminated Chad's parental rights to C.S., L.F., and S.F. under Iowa Code sections 232.116(1)(d), (e), (f), and (i) (2013). The court terminated Kealy's parental rights to C.S. under sections 232.116(1)(d), (e), (f), and (i). In terminating Chad's rights, the court recounted his extensive history of abuse toward the three children, his unaddressed mental health issues, sexually inappropriate actions toward the children, his disregard for protective orders, and his lengthy absences from the children's lives. In terminating Kealy's rights to C.S., the court reasoned:

> In the past [the mother] has abused [C.S.], and was sent to prison. Her history is to disappear from [C.S.]'s life, disappearing for months at a time, and then reappear. At the time [C.S] was removed, she was married to a man charged with sexual abuse to a child. . . . [The mother] last had contact with [C.S.] back in June 2014. . . . It is clear that the repeated abandonment for months at a time by [the mother] makes it impossible for the court to put [C.S.] in [the mother]'s custody.

Chad and Kealy separately appeal.

## II. Standard of Review

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no

serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.    Discussion of the Parents' Issues

Termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2). *Id.* Finally, if the best-interest framework supports termination of parental rights, the court must consider if any of the factors set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A.    Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground supported by the record. *D.W.*, 791 N.W.2d at 707. To terminate parental rights under section 232.116(1)(f), the State must show the child is older than four years, has been adjudicated CINA, has been removed from the home for a requisite period of time, and the juvenile court could not return the child to the parent's custody at the present time under section 232.102. Chad challenges the fourth element, claiming there was not clear and convincing evidence the children could not be returned to his custody at the time of termination. *See* Iowa Code § 232.116(1)(f)(4). He contends the State "gave up on him" and did not allow him to demonstrate his parenting abilities.

As the juvenile court noted and the record reveals, the father exposed the children to domestic violence, pornography, alcohol, illegal substances, and the

sexual abuse of another child. Chad's mental health issues remain unaddressed. He has not progressed past supervised visits with L.F. and S.F., and a protective order had to be entered for C.S.'s safety. Chad has received years of DHS-provided services and has been unable to show real progress. The record does not support his claim the children could be returned to his care without facing harm. Clear and convincing evidence supports termination of his parental rights under section 232.116(1)(f).

**B.      Best Interests of the Children**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.,* 778 N.W.2d at 37. In determining the best interests of the children, we give primary consideration to their safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional conditions and needs. *See* Iowa Code § 232.116(2).

Both Chad and Kealy claim termination is not in the best interests of the children. As described previously, Chad has not offered the children a wholesome and safe environment. Given his history of abusive conduct, we find it is in the best interests of the children to terminating Chad's parental rights. In support of her claim, Kealy points to the period during the CINA proceeding when C.S. was placed in her care. Kealy contends she "appropriately cared for" C.S. during that time and is ready to resume care of C.S. For several reasons, we reject Kealy's contention. In 2006, the mother spent time in prison for assaulting C.S. More recently, the DHS was not able to determine the suitability of Kealy's living arrangements because she failed to follow through with a home study. In

addition, Kealy has not had contact with C.S. since June 2014. C.S.'s care provider testified he rarely talks about his mother. C.S. currently resides at a community-based treatment center where he receives therapy. He has indicated he would like to be adopted by a former foster parent. The foster parent has been involved in his therapy and has almost daily contact with him.

Reintroducing his mother or father into C.S.'s life would not be in his best interests. L.F. and S.F. are both in foster-to-adoption placements. At this point, moving toward adoption is in their best interests. "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006) (citation omitted). Therefore, termination is in the best interests of the three children.

## IV.     Conclusion.

We find clear and convincing evidence supporting termination under section 232.116(1)(f). Moreover, termination of the parental relationship with both Kealy and Chad is in the children's best interests under section 232.116(2). In this case, no factor in section 232.116(3) weighs against termination. Accordingly, we affirm the order terminating parental rights.

**AFFIRMED.**